Filed 1/2/26  P. v. Martinez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LENIN ARRENDONDO MARTINEZ,<br><br>    Defendant and Appellant. | B338886<br><br>(Los Angeles County<br>Super. Ct. No. LA007125) |

Appeal from an order of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Conditionally affirmed with directions.

Jennifer Peabody and Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Lenin Arrendondo Martinez—whom a jury convicted of first degree murder in 1992—appeals the trial court's order denying his Penal Code[1] section 1172.6 resentencing petition at the prima facie stage. Martinez contends he is entitled to an evidentiary hearing on his petition because the jury might have convicted him as a mere participant—rather than as the actual killer—under a felony murder theory of liability.

The record of conviction, however, reveals no path permitting the jury to convict Martinez as anything other than the actual killer. And Martinez puts forth no "specific facts that identify someone else as the direct perpetrator." (*People v. Patton* (2025) 17 Cal.5th 549, 567 (*Patton*).) Nor does he challenge any other elements of his conviction. (See *People v. Curiel* (2023) 15 Cal.5th 433, 462 [a section 1172.6 petition "puts at issue all elements of the [challenged homicide] offense under a valid theory"].) We therefore conclude the court properly denied the petition.

"[O]ut of an abundance of caution," however, we grant Martinez's request for an opportunity on remand to plead additional relevant facts in support of his petition. (*Patton*, *supra*, 17 Cal.5th at p. 569; accord, *People v. Glass* (2025) 110 Cal.App.5th 922, 925 (*Glass*) [granting petitioner 30 days to plead additional facts on remand, but otherwise conditionally affirming denial of his section 1172.6 petition].) Accordingly, we conditionally affirm.

**FACTUAL SUMMARY AND PROCEDURAL HISTORY**

For context, we provide the following account of the offense from our opinion in Martinez's direct appeal. But we do not rely on this factual account in resolving the present appeal.

---

[1] Subsequent statutory references are to the Penal Code.

"The 60-year-old victim, Claridge Kingsmore, went to the supermarket one evening [in November 1990]. [Martinez] had been hanging around outside the supermarket for several hours, watching people come and go. Precisely what transpired when [Martinez] shot the victim is unknown, except for [Martinez's] out-of-court statements. A witness heard a shot and saw the assailant standing near the driver's side of the victim's car. The shooter moved away from the car and the victim got into the car and drove away. Mr. Kingsmore drove himself to the hospital, but died from massive bleeding. A bag of groceries was found in his car.

"Circumstantial evidence connected [Martinez] to the murder, including two of his friends who testified that [Martinez] told them he shot an old man who refused to surrender his car. Evidence was introduced that [Martinez] had told his brother he shot the man after the man ignored [Martinez's] demand to get out of the car. [Martinez] said to the man, ' "You think I'm kidding," ' and shot when the man still failed to get out of the car. Mr. Kingsmore was hard of hearing." (*People v. Martinez* (Jan. 29, 1993, B066394) [nonpub. opn.].)

In 1991, the district attorney charged Martinez, as the sole defendant, with Kingsmore's murder (§ 187, subd. (a)). At trial, the court instructed the jury on first and second degree murder with malice aforethought and on first degree felony murder. But the court did not instruct on any other theories of imputed malice, such as the natural and probable consequences doctrine. Nor did the court instruct on any aiding and abetting principles.

The jury convicted Martinez of first degree murder and found true that "in the commission . . . of the . . . offense, . . . Martinez . . . personally used a firearm within the meaning of . . . [s]ection 12022.5." (Capitalization omitted.) The verdict form reflected the jury found that Martinez murdered Kingsmore

3

"willfully, unlawfully, and with malice aforethought." The court sentenced Martinez to 30 years to life in prison. On appeal, we modified Martinez's custody and conduct credits, but otherwise affirmed the judgment. (See *Martinez I*, *supra*, B066394.)

Twenty-five years after Martinez's trial, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), "which abolished liability for murder based on the natural and probable consequences doctrine or imputed malice predicated solely on one's participation in a crime." (*Glass*, *supra*, 110 Cal.App.5th at p. 926.) As relevant here, the bill "significantly limited the scope of the felony-murder rule," but left intact liability for a defendant convicted as the actual killer under a felony murder theory. (*People v. Nino* (2025) 111 Cal.App.5th 844, 852 (*Nino*); see *id.* at p. 856; § 189, subd. (e)(1)-(3).)

Via section 1172.6, the Legislature "offered relief to those convicted under [now-invalid] homicide theories." (*Patton*, *supra*, 17 Cal.5th at p. 556.) "Petitioners seeking relief under section 1172.6 must, first, file a facially valid petition that states the statutory requirements for relief [citation], and second, make a 'prima facie showing' [citation], before a court must issue an order to show cause and hold an evidentiary hearing on the ultimate question of resentencing at which the People will bear the burden of defending a conviction under the amended law [citation]." (*Ibid.*) "If a petitioner who files a facially valid petition fails, at the second step, to make a prima facie showing, then the court denies the petition and provides no relief. [Citation.]" (*Id.* at p. 562.)

"In deciding whether a petitioner has made a prima facie showing for relief, the sentencing court 'looks beyond the face of the petition' to the record of conviction, which ' "necessarily inform[s] the . . . inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless." ' [Citation.]"

4

(*Nino, supra,* 111 Cal.App.5th at p. 853.) " '[I]n reviewing any part of the record of conviction at this preliminary juncture, a [sentencing] court should not engage in "factfinding involving the weighing of evidence or the exercise of discretion." ' [Citations.]" (*Ibid.*) But as our Supreme Court recently clarified in *Patton*, "a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton, supra,* 17 Cal.5th at p. 557.) "For example, if the record shows the petitioner was convicted as the direct perpetrator, a dispute may arise if the 'petitioner points to specific facts that identify someone else as the direct perpetrator. . . . But absent specific facts, no such dispute arises . . . from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion.' " (*People v. Venancio* (2025) 114 Cal.App.5th 593, 605, quoting *Patton, supra,* at p. 567.)

In May 2023, Martinez filed a pro se petition for resentencing pursuant to section 1172.6. In the petition, he alleged "the trial court used the theory of 'natural and probable consequences doctrine' to obtain the conv[ic]trion" (capitalization omitted), and that he was "in Mexico and in Mexico's police custody during the period of the alleged murder." (Capitalization omitted.) Following receipt of the petition, the court appointed counsel to represent Martinez in the section 1172.6 proceedings.

The district attorney's office filed a written opposition to the petition, arguing in pertinent part: "[Martinez] was prosecuted as the actual killer of the murder victim. As the actual killer in a felony-murder prosecution, [Martinez] is not eligible for relief as

5

a matter of law." The opposition included as exhibits copies of the jury instructions and verdict form.[2]

In his written reply, Martinez did not dispute that, at trial, the prosecution theorized he was the actual killer. But he argued the jury still might have convicted him as a mere participant in the murder, rather than as the direct perpetrator, because "the jury was instructed, pursuant to CALJIC [No.] 2.11.5, . . . there had been evidence of unjoined perpetrators of the same crime." Martinez, however, did not identify any specific facts or evidence supporting that someone else actually killed the victim.

At the two June 2024 hearings on the petition, the prosecution reiterated its argument that, in light of the trial theory and the jury instructions, "the only options for the jury [were] either [to] convict [Martinez] as the actual killer in this case or acquit him." Martinez's counsel submitted on his written reply brief, again failing to identify any specific facts supporting that someone other than Martinez was the actual killer.

The court denied the petition, explaining: "[T]he jury was instructed on first-degree felony murder. The jury was not instructed on aiding and abetting a first-degree felony murder, nor were there any instructions on general aiding and abetting. . . . [¶] Mr. Martinez was prosecuted as the actual killer. . . . [¶] As the actual killer, . . . Martinez is not eligible for the relief as a matter of law. . . . He could be convicted as the law exists today."

Martinez timely appealed.

---

[2] The prosecution initially included a copy of our opinion in *Martinez I*, *supra*, B066394, as an exhibit to the opposition, but later withdrew the exhibit.

## DISCUSSION

Martinez contends we must reverse the denial of his resentencing petition because the jury might have convicted him as a mere participant in a felony murder, rather than as the actual killer. Applying de novo review (see *People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*)), we disagree.

The record discloses no path available to the jury to convict Martinez as anything other than the direct perpetrator. Martinez does not dispute the prosecution argued at trial that he personally killed the victim. Further, the court instructed the jury, in pertinent part, that "[e]very person who unlawfully kills a human being *with malice aforethought* or during the commission of . . . a robbery is guilty of the crime of murder." (Italics added.) The court did not instruct on aiding and abetting or on any theories of imputed malice apart from felony murder. And as reflected in the verdict form, the jury found that Martinez "willfully, unlawfully, and *with malice aforethought*, murder[ed] . . . Kingsmore." (Italics added.) The unrefuted record here thus establishes the jury convicted Martinez as the actual killer with malice aforethought. We therefore conclude the court properly denied his resentencing petition at the prima facie stage and did not, as Martinez contends, violate his due process rights in doing so. (See *Patton, supra*, 17 Cal.5th at p. 557.)

But even if we assume the jury might have convicted Martinez under a felony murder theory, his argument concerning a hypothetical alternate direct perpetrator does not alter our conclusion. Martinez is correct that the court instructed the jury concerning evidence of unjoined perpetrators with CALJIC No. 2.11.5, which provides:

"There has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime

7

for which the defendant is on trial. [¶] There may be many reasons why such person is not here on trial. Therefore, do not discuss or give any consideration as to why the other person is not being prosecuted in this trial or whether he has been or will be prosecuted. Your duty is to decide whether the People have proved the guilt of the defendant on trial." (CALJIC No. 2.11.5 (1989 rev.) (5th ed. 1988).)

"The purpose of this instruction," however, "is to discourage improper conjecture." (*Harden, supra,* 81 Cal.App.5th at p. 59.) Standing alone, "it does not provide the jury with a path to convict [a defendant] of felony murder on a theory other than . . . being the actual killer." (*Ibid.*) To demonstrate the availability of such a path here, Martinez would have to "point[ ] to specific facts that identify someone else as the direct perpetrator." (*Venancio, supra,* 114 Cal.App.5th at p. 605, quoting *Patton, supra,* 17 Cal.5th at p. 567.) Martinez fails to do so.

And Martinez's failure to identify specific facts supporting the possibility of an alternate direct perpetrator distinguishes this case from *People v. Lopez* (2022) 78 Cal.App.5th 1, on which Martinez relies. In *Lopez,* the record included evidence—in the form of the defendant's trial testimony—that the defendant's friend actually killed the victim. (*Id.* at p. 9.) We therefore reject Martinez's challenge to the order denying his section 1172.6 petition.

We, however, grant Martinez's alternative request for an opportunity on remand to plead additional relevant facts in support of his petition. During the section 1172.6 proceedings before the trial court, Martinez did not have the benefit of *Patton*'s guidance concerning the showing a section 1172.6 petitioner must make at the prima facie stage. Accordingly, we remand this matter with directions that, if Martinez files an amended petition for resentencing within 30 days after remand that pleads additional

8

relevant facts, the trial court shall vacate its order denying the original petition and consider the additional facts in determining whether Martinez has made a prima facie case for relief under section 1172.6.  We otherwise conditionally affirm the order denying his resentencing petition.  (See *Glass*, *supra*, 110 Cal.App.5th at p. 925.)

## DISPOSITION

The order denying Martinez's resentencing petition is conditionally affirmed. If Martinez files an amended petition for resentencing within 30 days after remand that pleads additional relevant facts, the court shall vacate its order denying the original petition and consider the additional facts in determining whether Martinez has made a prima facie case for relief under section 1172.6; if Martinez fails to file an amended petition, the order denying the resentencing petition shall be final.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.